UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Anthony Dixon,
Petitioner

v.

Case No. 26-cv-593-SM-AJ
Opinion No. 2026 DNH 111

Warden, Federal Correctional Institution, Berlin, et al.,
Respondents

**O R D E R**

Petitioner, Anthony Dixon, is a civil immigration detainee from Jamaica currently being held at the Federal Correctional Institution in Berlin, New Hampshire. He claims his detention (which has lasted for more than 16 months at this point) has become unreasonably prolonged and he says he has not been afforded any opportunity for a bond hearing before a neutral decisionmaker. Those circumstances, argues Dixon, violate his Fifth Amendment right to due process. The federal respondents disagree, arguing that Dixon's ongoing detention of indeterminate duration is authorized by statute and does not violate his constitutional rights.

For the reasons discussed, the parties are directed to file supplemental briefing on the issue of whether Dixon should be afforded a bond hearing.

## Background

Dixon is a citizen of Jamaica and the spouse of an American citizen. He was admitted into the United States on November 18, 2011, as a lawful permanent resident. Approximately nine years later, he was convicted in state court of drug trafficking offenses and sentenced to serve two to two and a half years in state prison. He apparently served that sentence without incident and was released on probation.

On April 17, 2025, ICE arrested Dixon and served him with a notice to appear, charging him as being deportable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) (making inadmissible any alien convicted of an aggravated felony). See also 8 U.S.C. § 1101(a)(43)(B) (defining trafficking in a controlled substance as an "aggravated felony"). On September 9, 2025, an immigration judge ordered Dixon removed to Jamaica. Dixon, who appears to have been unrepresented by counsel, appealed that decision to the Board of Immigration Appeals, where his appeal remains pending. In other words, his order of removal is not yet "final."

## Discussion

Respondents assert that Dixon is being detained pursuant to 8 U.S.C. § 1226(c)(1)(B), which "demands an immigration judge to

mandatorily detain certain criminal aliens." Government Response (document no. 6) at 4. See generally Jennings v. Rodriguez, 583 U.S. 281, 305-06 (2018) (holding as a matter of statutory construction that "section 1226(c) mandates detention of any alien falling within its scope and that detention may end prior to the conclusion of removal proceedings only if the alien is released for witness-protection purposes."); Demore v. Kim, 538 U.S. 510, 513 (2003) (holding that ICE may detain aliens under § 1226(c) without bond hearings "for the brief period necessary for their removal.").

Importantly, however, neither Demore nor Jennings addressed the constitutional argument that the Due Process Clause of the Fifth Amendment prohibits the indefinite detention of an alien without a bond hearing. As the Court of Appeals for the Second Circuit has observed,

> Demore and Jennings leave open the question whether prolonged detention under section 1226(c) without a bond hearing will at some point violate an individual detainee's due process rights. They also do not teach what procedures due process may require, and whether due process principles (as opposed to section 1226(c)'s terms) may properly be understood to call for a bright-line rule as to timing or in any other respect. Indeed, the Court — having reached a statutory decision — remanded Jennings to the Ninth Circuit for consideration of the constitutional arguments in the first instance.

Black v. Decker, 103 F.4th 133, 142 (2d Cir. 2024), cert. granted sub nom. Genalo v. Black, No. 25-886, 2026 WL 1718025 (U.S. June 15, 2026) (emphasis in original).

Dixon's petition raises the very issue identified in Black, but left open by the Supreme Court in both Demore and Jennings: whether prolonged detention pending removal proceedings, without a bond hearing, will at some point violate the right to due process. The Court of Appeals for the First Circuit has yet to confront the issue directly, but it has held that, "we adhere to the notion that the Due Process Clause imposes some form of 'reasonableness' limitation upon the duration of detention under section 1226(c)." Reid v. Donelan, 17 F.4th 1, 7 (1st Cir. 2021) (citation and internal punctuation omitted). The court then observed that:

> While the Court's holding [in Demore] implicitly rejected an across-the-board rule that some hearing must always be held within six months, the opinion would seem to leave open the possibility that in most individual cases, detentions of six months (or of even less time) might necessitate some type of hearing to see if continued detention is reasonably necessary to serve the statute's purposes.

Id. at 8. Indeed, the Reid court noted that, "in the very case before us, the government has conceded that mandatory detention under section 1226(c) without a bond hearing violates the Due

Process Clause when it becomes unreasonably prolonged in relation to its purpose in ensuring the removal of deportable criminal noncitizens." Id. at 8 (citation and internal punctuation omitted) (emphasis supplied).

At least two circuit courts of appeals have directly confronted this issue and held that "a noncitizen's constitutional right to due process precludes his unreasonably prolonged detention under section 1226(c) without a bond hearing." Black, 103 F.4th at 138. See also German Santos v. Warden, 965 F.3d 203, 210 (3d Cir. 2020) (holding that due process mandates that noncitizens detained under § 1226(c) be afforded a bond hearing once detention becomes prolonged). See generally Fils-Aime v. FCI Berlin, Warden, 808 F. Supp. 3d 218, 224 (D.N.H. 2025) (holding that this court "joins the several district and circuit courts that have suggested and held that prolonged mandatory detention [under section 1225(b)] pending removal proceedings, without a bond hearing, will at some point violate the right to due process.") (collecting cases); Rosales-Navares v. FCI Berlin, Warden, 2026 WL 1133463 at *4 (D.N.H. April 27, 2026) ("Apart from citing Zadvydas and Arteaga-Martinez, the government does not explain why Rosales-Navares lacks the same right against unreasonably prolonged detention recognized by my colleagues in Fils-Aime, K-S-, and Beneche.

Persuaded instead that my colleagues' view is correct, I join their consensus and proceed to examine Rosales-Navares's prolonged-detention claim under the same multi-factor rubric."). But see Banyee v. Garland, 115 F.4th 928, 930 (8th Cir. 2024) ("Due process imposes no time limit on detention [pursuant to section 1226(c)] pending deportation.").

Finally, the court notes that in his concurring opinion in Demore, Justice Kennedy observed that:

> [S]ince the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien such as respondent could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified.

538 U.S. at 532 (Kennedy, J., concurring).

In light of the foregoing, the court joins those that have concluded that, "due process bars the Executive from detaining [noncitizens] for an unreasonably prolonged period under section 1226(c) without a bond hearing." Black, 103 F.4th at 143.

## Conclusion

On or before September 9, 2026, the federal respondents shall show cause why the court should not grant the petition to the extent it seeks an order directing them to provide petitioner with a prompt, constitutionally adequate bond hearing before a neutral decisionmaker, based upon the conclusion that his detention has become unreasonably prolonged and due process compels such a hearing.

Respondents should address the following factual considerations that might influence the court's determination of whether, under the specific circumstances presented, a bond hearing is warranted: the length of Dixon's detention; the likely duration of future detention or the foreseeability of proceedings concluding in the near future; the reasons for delay in processing his case and who is responsible for those delays; any potential defenses petitioner has to removal; and whether Dixon's conditions of confinement are materially different from criminal punishment. See generally Fils-Aime, 808 F. Supp. 3d at 224-26; Rosales-Navares v. FCI Berlin, Warden, 2026 WL 1133463, at *4 (D.N.H. April 27, 2026); Aziwung v. Wesling, No. 26-CV-0325-SM-TSM, 2026 WL 1614044, at *4 (D.N.H. June 5, 2026); K-S- v. Warden, FCI-Berlin, No. 25-CV-288-SE, 2025 WL 3671774, at *4-5 (D.N.H. Dec. 17, 2025); Beneche v. FCI Berlin Warden,

831 F. Supp. 3d 119, 126-27 (D.N.H. 2026); Lino-Ramos v. Moniz, 2026 WL 1759415 at *5 (D. Mass. June 18, 2026).

Petitioner may file a response within 10 days after the government has responded to this order.

**SO ORDERED.**

Steven J. McAuliffe
United States District Judge

August 25, 2026

cc: Anthony Dixon, pro se
Counsel of Record